# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN L. HARBOUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-18- 615-F |
| ) | |
| HUDIBURG CHEVROLET, LLC ) | Age discrimination |
| ) | ARISING IN OKLA CNTY |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | ATTORNEY LIEN CLAIMED |

## COMPLAINT

**COMES NOW THE PLAINTIFF,** and for his causes of action herein alleges:

## PARTIES

1. Steven L. Harbour is an adult male over forty (40) years of age residing in Oklahoma County, Oklahoma.

2. The Defendant is Hudiburg Chevrolet, LLC, a company doing business in Canadian County, Oklahoma.

## JURISDICTION AND VENUE

3. This is a cause of action for discrimination based on age, including termination, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, and the Oklahoma Anti-Discrimination Act. Jurisdiction is proper in this Court under 29 U.S.C. 29 U.S.C. §§ 626(c), 1132(e) and 28 U.S.C. §§ 1331, §1367(a).

4. All the actions herein occurred in Oklahoma County, Oklahoma and the Defendant may be served in that county. Oklahoma County is located in the

1

Western District for the United States District Courts for Oklahoma such that venue is proper in this Court under 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2).

## STATEMENT OF FACTS

5. Plaintiff was initially hired on or about July 14, 2014, as a contract employee and became a regular employee on or about January 1, 2015.

6. The Defendant has employed more than twenty (20) employees for each working day in each of twenty (20), or more calendar weeks in the current, or proceeding calendar year, and are covered employers under the ADEA. There is no minimum employee requirement to be liable under Oklahoma's Anti-Discrimination Act.

7. At the time of his termination, the Plaintiff was approximately sixty-eight (68) years old.

8. Plaintiff was employed as the lead sales manager working as the capacity of general sales manager for Defendant's Buick GMC.

9. Plaintiff held the qualifications required for his job position, and was performing in a satisfactory manner. Plaintiff regularly exceeded sales goals, expectations and had no disciplinary or performance issues.

10. Although Plaintiff's store was considered a flagship store, Plaintiff was not given recognition for that accomplishment.

11. The persons Plaintiff supervised were all younger than the Plaintiff and most would have been about half Plaintiff's age.

12. When Plaintiff entered the store for work, he was commonly subjected to age-discriminatory comments such as "silver alert", "hey, old man", "have you had your nap", or "is it nap time." These comments were made at least weekly.

13. Three or four times, including a couple of times in 2016, Plaintiff reported these comments to Defendant's HR manager. To Plaintiff's knowledge, no corrective action was ever taken.

14. In June 2016, Plaintiff was instructed to fire David Kreh (approximately in his 60's) to make room for a person approximately in his mid-20's with limited experience.

15. Around August 1, 2016, Plaintiff was called and told that he was selling so many new cars that it was making the companion Chevrolet dealership look bad, thus demonstrating my good performance.

16. Some time after August 1, 2016, Defendant removed the Plaintiff's ability to buy used cars, and reduced the number of used cars that could be stocked at Plaintiff's store, which reduced the profitability of the used car department. Ultimately Defendant's actions eliminated the certified used car program Plaintiff had created.

17. Defendant, during 2016, transferred key sales personnel away from Plaintiff.

18. Defendant, during 2016, also transferred Chevrolet store expenses to the Plaintiff's Buick GMC store, thus, reducing the apparent profitability of the store.

19. On or around November 16, 2016, Justin Harder (approximately twenty years younger than Plaintiff), terminated the Plaintiff's employment. No reason or

warning was given. Mr. Meyers hired the Plaintiff at the request of David Hudiburg.

20. Plaintiff's age was a determining factor under state and federal law in deciding to terminate the Plaintiff.

21. As the direct result of Defendant's actions Plaintiff suffered lost earnings, past, present and future, lost benefits including lost retirement benefits, dignitary harms and other compensable losses for which Plaintiff is entitled to monetary relief.

22. Because the actions of the Defendant were in willful violation of the Age Discrimination in Employment Act, Plaintiff is entitled to liquidated damages in an amount equal to his wage and benefit loss from termination through the date of trial.

23. Plaintiff exhausted all state and federal requirements under the ADEA and OADA by filing a charge of age discrimination with the EEOC on or about May 16, 2018. This suit was filed more than sixty (60) days after the filing of the ADEA charge of discrimination as is authorized by the ADEA. As such all administrative requirements of the OADA have been satisfied.

24. Discrimination based on age is contrary to both the ADEA and the OADA.

25. As the direct result of such action Plaintiff has suffered loss income, past, present and future.

26. Under the ADEA and OADA, Plaintiff is entitled to recover all of his lost income and benefits, past, present and future and to the equitable relief reinstatement.

27. Because the actions of the Defendant were willful Plaintiff is entitled to recover liquidated damages in the amount of all lost wages and benefits through the date of trial.

28. Under the OADA, Plaintiff is entitled to recover liquidated damages in an amount equal to his lost wages and benefits.

## PRAYER

**WHEREFORE,** Plaintiff prays that he be awarded his actual, liquidated and/or punitive damages together with costs, pre- and postjudgment interest and attorney's fees and any other relief, legal and equitable, as may be appropriate.

**RESPECTFULLY SUBMITTED THIS 25th DAY OF JUNE, 2018.**

>HAMMONS, GOWENS, HURST
>& ASSOCIATES
>
>s/ Mark Hammons
>Mark Hammons, OBA No. 3784
>Kristin Richards, OBA No. 33255
>325 Dean A. McGee Avenue
>Oklahoma City, Oklahoma 73102
>Telephone: (405) 235-6100
>Facsimile: (405) 235-6111
>amberashby@hammonslaw.com
>JURY TRIAL DEMANDED
>ATTORNEY LIEN CLAIMED
>*Counsel for Plaintiff*